DAVID R. BUCK V. RICHARD HOGEBOOM.

FILED JANUARY 22, 1902. No. 9,918.

Commissioner's opinion, Department No. 1.

**Decedent's Estate:** CLAIM ON CONTRACT: LITIGATION. A claim on a simple contract debt, for which a man's heirs as such are not liable, can not be prosecuted against them. An administration of the estate in accordance with law must be procured, if it is desired to carry on the litigation after defendant dies intestate.

ERROR from the district court for Douglas county. Tried below before DICKINSON, J. Heard on petition to revive. *Petition denied.*

*Martin Langdon,* for plaintiff in error.

*John P. Breen, contra.*

Argued orally by *Langdon,* for plaintiff in error.

HASTINGS, C.

This was an action begun in the county court of Douglas county, to recover for money had and received by plaintiff in error as agent for defendant in error, Hogeboom. To Hogeboom's claim an answer was filed setting up a cross demand greater in amount, for services as a real estate broker. Judgment was obtained by plaintiff in error in the county court, the case was then appealed by Hogeboom, and in the district court a judgment recovered by him for $155 and costs. To reverse that judgment, this proceeding in error was brought. Pending the action in this court, Hogeboom died. A motion was made by plaintiff in error to revive the action against his heirs. That motion was denied. The case is now pending upon the petition of plaintiff in error to revive the action under section 45 of the Code of Civil Procedure. That petition simply alleges that certain parties are heirs of Richard Hogeboom, de-

ceased; that he was a resident of Sarpy county, and died intestate, pending the action in this court; that he has been dead more than a year, and no administration had of his estate, and the heirs have failed and refused "to appoint an administrator in the county court of Sarpy county"; that this action was tried in the district court for Douglas county, and a judgment obtained by Hogeboom against plaintiff in error, from which this proceeding by error was taken, and that the case is now pending in this court.

It hardly seems that the simple fact that these parties are heirs of Richard Hogeboom, and have failed to procure an administrator, is ground for reviving this proceeding against them. It is true that section 45 provides that an action may be continued after a party's death "by or against his representative or successor in interest." It does not appear that these heirs are either one. The action brought by deceased was upon a contract debt, and the off-set claimed by plaintiff in error is upon another one. The heirs, as such, would have no standing to bring this action had deceased died before it was commenced. They would not, so far as the petition shows, have been in any way liable for the demand of plaintiff in error. That the heirs have failed to procure an administrator would not seem to in any way affect the rule that claims by and against an estate must be prosecuted through an administrator or executor, "a personal representative." The probate court of Sarpy county is as open to plaintiff in error as it is to the heirs, and there seems nothing to prevent his procuring an administration of the estate of Richard Hogeboom, and so getting a competent party against whom to carry on this litigation.

A motion to dismiss for want of prosecution, made by the attorney for defendant in error, was overruled, on June 18, 1901. Presumably this was because of the distinction between a dismissal and striking from the docket, which is mentioned in *Peters v. Huff*, 63 Nebr., 99. As defendant's death has been called to the attention of the court by both parties, and no steps to procure an administration taken

by either in about two years since his decease, it is recom-
mended that the supplemental petition for revivor be de-
nied, and this case stricken from the docket.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing
opinion, the supplemental petition for a revivor is denied,
and the case stricken from the docket.

JUDGMENT ACCORDINGLY.